IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shannon Maurice Smith, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:19-01771-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Director Randy Demory; Captain K. Jacumin; Ms. Schuller; Captain Phyall; Berkeley County, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Shannon Maurice Smith, Jr. ("Smith"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment rights by Defendants Director Randy Demory ("Demory"), Captain K. Jacumin ("Jacumin"), Ms. Schuller ("Schuller"), Captain Phyall ("Phyall"), and Berkeley County (collectively "Defendants"). (Compl., generally, ECF No. 1.) In his Report and Recommendation filed on February 21, 2020, Magistrate Judge Marchant recommends dismissing Schuller, Berkeley County, Jacumin, and Phyall as party Defendants and denying the motion to dismiss for Demory. (R&R, generally, ECF No. 43.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Smith claims that his constitutional rights under the First Amendment are being violated because he is not being provided with an adequate kosher diet, which is required by his religious beliefs. (Compl. Attach. 1 (Supp. Docs. 2), ECF No. 1-1.) Further, Smith alleges that some of his privileges have been limited and he has been moved to more restrictive housing due to his complaints about correcting his diet. (Id. Attach. 1 (Supp. Docs. 1), ECF No. 1-1.) Moreover, Smith contends that his mail is being opened and read outside of his presence. (Id. at 4, ECF No. 1.) Smith also complains of having to sleep on a concrete slab, which has caused injuries. (Id. at 6, ECF No. 1.)

Berkeley County, Demory, Jacumin, and Phyall filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on September 17, 2019.[2] (Mot. to Dismiss, ECF No. 21.) Smith filed a response in opposition on October 15, 2019. (Response, ECF No. 28.) On October 22, 2019, Defendants filed a reply. (Reply, ECF No. 32.) The magistrate judge recommended dismissing Schuller, Berkeley County, Jacumin, and Phyall as party Defendants and denying the motion to dismiss for Demory. (R&R, generally, ECF No. 43.)

Smith filed objections and a supplement to the Report and Recommendation. (Objs., ECF No. 45; Suppl., ECF No. 46.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district

---

[2] Schuller was not a party to the motion to dismiss because she was never served with process. However, Smith has consented to dismissing Schuller from the instant matter. (Resp. 2, ECF No. 28.) In addition, Smith has consented to dismissing Berkeley County. (Id., ECF No. 28.)

2

judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Smith's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Smith objects to the magistrate judge's recommendation that Jacumin and Phyall should be dismissed as party Defendants because they do not have the authority to grant Smith the relief that he seeks.

First, Smith contends that Jacumin should not be dismissed because Jacumin "has been the one to over watch and create the parameters for [his] current incomplete kosher diet." (Objs. 1, ECF No. 45.) Second, Smith argues that Phyall should not be dismissed because Phyall moved him to more restrictive cells out of retaliation to complaints about his diet. (Id. at 3-5, ECF No. 45.)

Under the Ex parte Young exception to Eleventh Amendment immunity, a federal court may "issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law[.]" McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)). However, "[t]he Ex parte Young exception . . . applies only when there is an ongoing violation of federal law that can be cured by prospective relief." DeBauche v. Trani, 191 F.3d 499, 505 (4th Cir. 1999). Therefore, the state officer being sued must have both the responsibility for the alleged ongoing violations of federal law and the authority to provide prospective redress for those alleged violations. See Kobe v. Haley, 666

3

Fed. App'x 281, 300 (4th Cir. 2016) (affirming a district court regarding its finding that the relief that the appellants sought did not fit into the Ex parte Young exception because the "defendants had no control or enforcement rights" and thus an injunction would have "no effect whatsoever."); Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 791 (E.D. Va. 2003) (noting that Ex parte Young relief may only be pursued against a state official who has the "authority to provide for . . . relief."). "This requirement of *proximity to* and *responsibility for* the challenged state action . . . is not met when an official merely possesses [g]eneral authority to enforce the laws of the state[.]" McBurney, 616 F.3d at 399 (internal quotation marks and citations omitted).

Smith's allegations do not indicate that either Jacumin or Phyall have authority to provide for relief, as they have no role in setting jail policy. Rather, the allegations indicate that Jacumin and Phyall responded to Smith's grievances and carried out policy directives. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Schuller is dismissed. It is further

**ORDERED** that the motion to dismiss, docket number 21, is granted as to Berkeley County, Jacumin, and Phyall and denied as to Demory.

**IT IS SO ORDERED**.

                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
March 12, 2020