IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Shannon Maurice Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:19-1771-HMH-MHC |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Director Randy Demory, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Shannon Maurice Smith, Jr. ("Plaintiff"), a pro se pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Compl., generally, ECF No. 1.) Defendant Director Randy Demory ("Defendant") filed a motion for summary judgment. (Mot. Summ. J., ECF No. 78.) In her Report and Recommendation, Magistrate Judge Cherry recommends granting Defendant's motion for summary judgment as to Plaintiff's religious diet and retaliation claims. (R&R, generally, ECF No. 94.) Magistrate Judge Cherry further recommends granting summary judgment on Plaintiff's legal mail claim only insofar as it is based on allegations of delay or denial of access and denying

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

summary judgment as to Plaintiff's legal mail claim based on the opening of his legal mail outside of his presence. (Id., generally, ECF No. 94.)

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a pretrial detainee at Hill-Finklea Detention Center ("HFDC") in Berkeley County, South Carolina. (Compl., generally, ECF No. 1). Plaintiff seeks injunctive relief to prevent alleged violations of his First Amendment rights.[2] (Id. at 4, ECF No. 1.) Specifically, Plaintiff claims that his constitutional rights are being violated because he is not being provided with an adequate kosher diet, which is required by his religious beliefs. (Compl. Ex. 1 (Supp. Docs. 2), ECF No. 1-1.) Further, Plaintiff alleges that some of his privileges have been limited and he has been moved to more restrictive housing due to his complaints about correcting his diet. (Id. Ex. 1 (Supp. Docs. 1), ECF No. 1-1.) Plaintiff also claims that his legal mail is being opened and read outside of his presence. (Id. at 4, ECF No. 1.)

Plaintiff filed a complaint on June 18, 2019.[3] (Compl., ECF No. 1.) Defendant filed a motion for summary judgment on August 21, 2020. (Mot. Summ. J., ECF No. 78.) Plaintiff filed a response in opposition on September 8, 2020. (Resp., ECF No. 82.) Defendant filed a reply on September 15, 2020. (Reply, ECF No. 85.) Plaintiff filed a Sur-Reply on September

---

[2] The instant action is proceeding under the *Ex Parte Young* exception to Eleventh Amendment immunity. (See Order, ECF No. 47). Thus, Plaintiff may only seek injunctive relief to prevent ongoing violations of federal law. See McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)).

[3] Houston v. Lack, 487 U.S. 266 (1988).

29, 2020.[4]  (Sur-Reply, ECF No. 90.)  On December 15, 2020, the magistrate judge issued the Report and Recommendation recommending that the court grant in part and deny in part Defendant's motion for summary judgment.  (R&R, generally, ECF No. 94.)  On December 29, 2020, Plaintiff filed objections to the Report and Recommendation.  (Pl. Obj., ECF No. 99.)  On January 5, 2021, Defendant filed objections to the Report and Recommendation.  (Def. Obj., ECF No. 100.)  On January 11, 2021, Defendant filed a reply to Plaintiff's objections.  (Def. Reply, ECF No. 102.)  To date, Plaintiff has not filed a reply to Defendant's objections.  This matter is ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

---

[4]  Houston v. Lack, 487 U.S. 266 (1988).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B.  Plaintiff's Objections

Plaintiff filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, as an initial matter, the court finds that Plaintiff's objections were improperly signed in violation of Rule 11 of the Federal Rules of Civil Procedure. With the exception of Plaintiff's objections, Plaintiff's filings in this action have been hand written, signed with almost identical signatures, and mailed from HFDC. (See ECF Nos. 1, 13, 19, 20, 28, 35, 36, 38, 41, 45, 58-60, 74, 81-84, 90, 91). However, Plaintiff's objections were typed and mailed from Virginia, and contain a signature that is vastly different from the signatures in Plaintiff's

previous filings. (Pl. Objs. 6, ECF No. 99 & Ex. 2 (Envelope), ECF No. 99-2.) By all appearances, Plaintiff's objections were not prepared, sent, or signed by Plaintiff.[5] The Plaintiff's objections could be stricken on this basis alone. However, the court has reviewed Plaintiff's objections and irrespective of Plaintiff's Rule 11 violation, the court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Plaintiff's objections are without merit.

### C. Defendant's Objections

Defendant also filed objections to the Report and Recommendation. Defendant objects to the magistrate judge's recommendation to deny Defendant's motion for summary judgment as to Plaintiff's claim that his legal mail was opened outside of his presence. (Def. Obj. 1, ECF No. 100.) In his objections, Defendant argues that the magistrate judge: (1) improperly treated Plaintiff's complaint as a verified complaint and (2) improperly handled an August 4, 2020 mailing as evidence that Plaintiff's mail is being opened outside of his presence. (Id., generally, ECF No. 100.)

The magistrate judge recommends a finding that a question of material fact exists as to "whether there is an ongoing violation of Plaintiff's First Amendment rights related to the

---

[5] It appears that Plaintiff's mother, Janet A. Smith, Esq., drafted, signed, and mailed Plaintiff's objections. Ms. Smith is not admitted to this District; thus, she is not authorized to practice law in this District. Though she has not filed an appearance in this case, Ms. Smith has sent numerous emails to Defendant and his counsel seeking information regarding the instant lawsuit and claiming to be Plaintiff's attorney. (See Pl. Obj. Ex. 1 (Supp. Docs. 3-63), ECF No. 99-1.)

5

opening of his legal mail outside of [his] presence." (R&R, 15-16, ECF No. 94.) In his complaint, Plaintiff alleged that his legal mail has been opened outside of his presence on numerous occasions. (Compl. Ex. 1 (Supp. Docs. 3), ECF No. 1-1.) The magistrate judge treated Plaintiff's complaint as a verified complaint, equivalent to an opposing affidavit for summary judgment purposes. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); (R&R 15 & n.2, ECF No. 94.) After review, the court finds that the complaint is not a verified document, and thus is not the equivalent of an opposing affidavit. See 28 U.S.C. § 1746 (a party's signature "under penalty of perjury" and an execution date qualifies a pleading as "verified"); Williams, 952 F.2d at 823. Aside from the August 4, 2020 mailing discussed below, the court finds that Plaintiff has failed to provide evidence that his legal mail has been opened outside of his presence.

The magistrate judge treated an August 4, 2020 mailing as evidence that HFDC's alleged practice of opening legal mail outside of Plaintiff's presence is ongoing. (R&R 15, ECF No. 94.) In his Sur-Reply to Defendant's motion for summary judgment, Plaintiff alleged that legal mail sent by Janet A. Smith, Esq., dated August 4, 2020, was opened and read outside of his presence, marked return to sender, and never delivered to Plaintiff. (Sur-Reply 6, ECF No. 90); (Sur-Reply Attachments 4-5, ECF No. 91.) However, Plaintiff has failed to provide any evidence other than his own self-serving argument that the August 4, 2020 mail was, in fact, legal mail, or that it was opened outside of his presence. In contrast, the only evidence as to the contents of the mail is that it was not legal mail. (See Def. Obj. Ex. 2 (Jacumin Affidavit 1-2), ECF No. 100.) Though the mail was sent by an attorney, Plaintiff's mother, the mail was an instruction manual to a card

6

game, not legal mail.  (Sur-Reply Attachments 4-6, ECF No. 91); (Def. Obj. Ex. 2 (Jacumin Affidavit 1-2), ECF No. 100.)  Further, an affidavit from an HFDC official states the August 4, 2020 mail was brought to Plaintiff's cell and opened in his presence.  (Def. Obj. Ex. 2 (Jacumin Affidavit 1-2), ECF No. 100.)  The court finds the August 4, 2020 mailing does not constitute evidence that HFDC is opening Plaintiff's legal mail outside of his presence, as the mail was not legal mail.

Finally, the magistrate judge found a question of fact exists as to whether HFDC's practice of opening legal mail outside of Plaintiff's presence has a "valid, rational connection to a legitimate penological interest."  (R&R 16, ECF No. 94.)  However, there is no evidence that HFDC has a practice of opening legal mail outside of the presence of its inmates.  In contrast, HFDC's inmate correspondence policy states that incoming mail from attorneys "will be opened in the presence of the inmate and inspected for contraband."  (Def. Obj. Ex. 1 (HFDC Inmate Correspondence Policy 4), ECF No. 100-1.)

The court finds that Plaintiff has failed to create a genuine issue of material fact for his claim that his legal mail is being opened outside of his presence.  Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts only the portions of the Report and Recommendation that are consistent with this order.  Further, the court grants Defendant's motion for summary judgment with respect to all of Plaintiff's claims.

It is therefore

**ORDERED** that Defendant's motion for summary judgment, docket number 78, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
January 22, 2021

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.